119 So.2d 862 (1960)
William GREEN, Plaintiff-Appellant,
v.
David PLUMMER, Defendant-Appellee.
No. 4971.
Court of Appeal of Louisiana, First Circuit.
April 25, 1960.
Burton Roberts & Ward, Baton Rouge, for appellant.
J. St. Clair Favrot, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, TATE, FRUGE and LANDRY, Judges.
FRUGÉ, Judge ad hoc.
Plaintiff appeals from the rejection of his suit for alleged damages resulting from an *863 accident which took place approximately at 6:00 P.M. on July 30th, 1954, between a car, a 1941 Plymouth automobile driven by Henry Stevenson in which the plaintiff, William Green, was a passenger, and a school bus driven by the defendant, David Plummer. Defendant entered Scenic Highway (U. S. 61) from a service station located on the west side of the highway, in order to proceed north to his store, one block away. As defendant entered the highway the car driven by Stevenson was proceeding north on the highway, but was a considerable distance south of the service station. When defendant straightened his bus on the highway he gave a left turn signal. This was some distance down the block between the service station and his store. As defendant started to turn into his driveway, he was struck by the car driven by Stevenson.
The trial judge disposed of the issues as follows:
"This suit results from an accident which occurred on July 30th, 1954 when a vehicle driven by Henry Stephenson, in which Plaintiff was riding as a guest passenger, collided with a bus owned and operated by Defendant, David Plummer.
"The evidence reveals that Plummer had stopped in a filling station located one block south of the intersection of Duck Street and Scenic Highway for the purpose of having the gas tank of his bus filled and upon the completion of said operation he had entered the Scenic Highway to proceed north thereon to his store which is located at the corner of Duck Street and Scenic Highway. It is noted that at this point the area is heavily populated and traffic conditions are such that a driver in said area should exercise extreme care.
"According to the testimony of the three witnesses who testified for the Defendant, two of whom had given their names to the police officer the night the investigation was made of the accident, defendant Plummer entered the highway, straightened out his bus in the highway, and when some forty yards from his store placed in action his signal lights which were effective both in the front of the bus and in the rear thereof and which indicated the intention of the operator to make a left turn. At this point the driver Stephenson, in whose car Plaintiff was a guest passenger as heretofore stated, was some estimated three-quarters to a block in the rear of Defendant's bus and was proceeding northerly in the same direction. From their testimony it appears that had Stephenson exercised the ordinary care required of a driver this accident would not have occurred as Defendant gave ample notice of his intention to turn left at a time when Stephenson was so far in the rear of Defendant's bus that such a left turn could be made by Defendant normally and without any difficulty.
"Though, under the law a left turn is regarded as a dangerous maneuver on the part of a driver and such a maneuver should be undertaken only in those instances where same may be done safely, in the circumstances which resulted in this accident it appears to me that the sole proximate cause of the collision was the negligence of the driver Stephenson in proceeding north on Scenic Highway at an excessive rate of speed and in overtaking the school bus driven by Defendant while said Defendant was engaged in making a left turn, after his having given adequate signal of such intention and at a time when Stephenson was far enough in the rear of his bus that said maneuver could be reasonably anticipated to be executed in safety. Therefore, having concluded that the Defendant, David Plummer, was guilty of no negligence whatever * * *."
We fully agree with the trial court that the great speed of the overtaking vehicle *864 was the sole proximate cause of the accident.
A careful study of the testimony indicates the trial court properly disposed of the factual issues in this case. We see no manifest error and accordingly, the judgment will be affirmed.
Affirmed.