CHASEZ, Judge.
Plaintiff, Bernard M. Judy, Jr., sued Robert M. Capps, Capps’ employer, the Gray Tool Company, and Gray’s insurer, Travelers Indemnity Company, for injuries and property damage sustained in an automobile collision.
The District Court rendered judgment in favor of plaintiff and against all defendants in solido for $2145.00. Defendants have appealed suspensively.
Defendants admit their negligence in this matter, therefore the sole contention on this appeal is that the Court below erred in not finding that plaintiff, a left-turning motorist, was contributorily negligent.
The collision occurred near the intersection of the access road to the U.S. Naval Air Station at Alvin Callender Field, and Louisiana Hwy. 23, in Belle Chasse, Louisiana. The distance from the base entrance to a railroad crossing just north of the entrance was placed at about 100 feet, and the entrance to a Gulf Service Station was placed at about 50 feet beyond this crossing.
Plaintiff Judy was coming from the base, with the intention of going to Pontchartrain Beach in New Orleans. He came to a stop at the intersection of the road from the base and the highway. Traffic was clear in both directions, except for a truck coming from the South just rounding a bend in the 'highway, approximately 100 yards away. Having ample time to do so, he executed a left turn into the north-bound traffic lane of Highway 23. He travelled northerly for the short distance of about 120 to 150 feet to the entrance of the Gulf Service Station. He testified that he signalled his intention to turn left into the station, both with his directional indicators and with his hand. He testified that he checked his rear view mirror before signalling and again before turning, that there was nothing immediately behind him, and that the truck was still some six to ten car lengths away. He did not see Capps at all until immediately before the collision.
Defendant Capps had been driving North on Highway 23 from Venice, La. en route to New Orleans. For some time he had been following another car and a truck, all travelling at about 30 m. p. h. As this procession rounded the aforementioned bend below the Naval Station, Capps, seeing that the road was clear and straight for about three quarters of a mile, proceeded to pass. He testified that as he came abreast of the first car (which was one car length behind the truck) he saw plaintiff Judy pull out into the roadway, and elected to pass him at the same time. He testified that at this moment, ’he was at the entrance to Callender Field. He admitted that at no time did he give any sort of signal that he was passing. He admitted that he saw the flashing caution light at the entrance to the Naval Station before he started to pass. He admitted that he did not see, though it appears from the record that there was a double yellow stripe in the roadway at this point, indicating a no-passing zone. He testified that when he was 10 to 15 yards behind plaintiff and travelling 50 to 60 m. p. h. plaintiff suddenly turned left into his path, and that at the time he, Capps, was alongside the truck. He testified that plaintiff did not signal.
Obviously, defendant was negligent and counsel for defendant so concede. However, counsel point to LSA-R.S. 32:236 (A) which provides that
“The driver of any vehicle upon a highway of this state, before starting, stopping *86 or turning in a direct line shall first see that such movement can be made in safety * *
Counsel further point to the jurisprudence developed thereunder recognizing that a left turn is a most dangerous maneuver, and placing upon the motorist executing such a turn a high degree of care.
It does not seem to us, however, that the same stringent duty should be applicable where the non-turning motorist is overtaking the left turning motorist, as opposed to the situation involving an oncoming motorist.
LSA-R.S. 32:233(C) provides as to overtaking motorists that “ * * * the responsibility * * * shall rest prima facie on the driver of the vehicle doing the overtaking or passing.”
In such a case, both motorists are engaged in dangerous maneuvers on the left side of the highway, and both are charged with an exceptional duty of care.
Whether there has been a breach of duty on the part of either must be proved. In the instant case, defendant’s negligence has been conclusively established. But simply because both parties are subjected to an exceptional duty does not relieve either from discharging the ordinary burdens of proof. Therefore the defendant bears the burden of proving plaintiffs contributory negligence.
Plaintiff testified that before turning he signalled both by directional lights and by hand, and that he looked in his rear view mirror. We do not believe he can be held contributorily negligent for not anticipating that defendant would pass in a no-passing zone against a flashing caution light at an intersection, and at a railroad crossing.
Defendant Capps testified that Judy commenced his turn while he, Capps, was only ten to fifteen yards behind the Judy vehicle. This testimony cannot be reconciled with that of the investigating officer that the Capps vehicle left 91 feet of skid marks.
Nor can Capps’ testimony that he saw the Judy vehicle pull out onto the highway when he, Capps, was abreast of the first automobile he passed be reconciled with his testimony that he, Capps, was abreast of that same vehicle when they were abreast of the Naval Station entrance.
We realize this discussion seems to go more to defendant’s negligence, which is conceded, rather than to plaintiff’s contributory negligence, which is at issue. But whether or not plaintiff was negligent depends on whether or not his actions were reasonable or unreasonable, and our purpose in noting this conflict is to point out the fact that it is very difficult to tell just where the defendant vehicle was located at any particular moment in this series of events. Defendant’s testimony is the only evidence available to establish the physical location of his vehicle at any particular time. As the allegation of contributory negligence depends upon plaintiff in some way being at fault, the physical location of defendant’s vehicle is most important. In light of the conflicts in the testimony noted, we'doubt that the defendant vehicle was in fact in such a physical location that it could have been seen by plaintiff. Even if we assume that it was,, the skid marks indicate that at the time the turn was started, Capps was more than 90 feet from the Judy vehicle. This is-consistent with his testimony that he was-then alongside the truck, which was about 6 car lengths behind Judy. Again we hasten to add that we note this not with relation to defendant’s conceded negligence, but. as an indication that the physical surroundings were such that plaintiff’s action in turning was not unreasonable.
The trial Judge gave detailed reasons for judgment. In relation to the *87 charge of contributory negligence, that Judge said:
“There is no evidence offered in the record to contradict the statement of plaintiff that he gave the signal for a left turn nor is there any evidence that his actions are in any way negligent.” (Emphasis supplied.)
Our review of this record leaves us with the conclusion that, as a Court of review, we cannot find fault on the part of the trial Judge on this finding of fact; we are in full agreement with his conclusion in the matter.
For the foregoing reasons the judgment of the trial Court is affirmed. All costs 'to he paid by defendant-appellants.
Affirmed.