I,EAR, Judge
(dissenting).
I must respectfully disagree with the majority opinion in the above.
Being thoroughly in accord with the finding that young Moody was guilty of operative negligence, I do not find that defendant has carried the burden of proof required before plaintiff is denied recovery because of his own negligence. The rule that the contributory negligence of plaintiff must be shown by a fair preponderance of the evidence applies in this case as in all others. McCandless v. Southern Bell Telephone & Telegraph Co., 239 La. 983, 120 So.2d 501.
The plaintiff herein, in attempting to turn left, was burdened with a great duty of care to protect other motorists. However, he was not the insurer of their safety; he was not per se guilty of negligence;[1] and in executing this maneuver, he was entitled to rely upon the presumption that other motorists were obeying and would continue to obey those rules of the road relating to speed, lookout, control and the roadway to be travelled. Prewitt v. St. Paul Fire & Marine Ins. Co., La.App., 126 So.2d 389; Johnson v. Wilson, La. App., 97 So.2d 674.
Plaintiff’s negligence, or lack thereof, must be determined in the light of the entire situation as it confronted him at the time. That is, did he act reasonably or unreasonably in view of all of the facts and circumstances.
Judy v. Capps, La.App., 185 So.2d 84; Valenti v. Allstate Ins. Co., La.App., 156 So.2d 87.
Neither plaintiff nor Mrs. Clark (the driver of the following car) could testify positively that plaintiff gave a signal of his intention to turn. However, both knew of his intention and both were bringing their vehicles under that control which should have announced to all others that some maneuver was in preparation.
Plaintiff obviously knew that he could successfully clear any on-coming vehicles, if, indeed, there were any. He certainly was led to believe that he could clear any overtaking traffic because the only overtaking vehicle within his purview was obviously preparing to accord him the courtesy of a safe left turn.
He was entitled to rely upon the presumption that no other overtaking vehicle would occupy the westbound traffic lane for 100 feet to the west of the intersection because such occupancy is reprobated by LSA-R.S. 32:76.
With such knowledge in his grasp, it is my opinion that he acted reasonably when he commenced his turn.
Furthermore, I cannot agree with the majority as to the speed of the Moody car. The speed limit was 40 miles per hour and young Moody (who was on an emergency hurricane call) testified that he was not exceeding this limit.
However, the collision caused $490.60 damage to a 1961 Chevrolet pick-up truck. It was a total loss. The truck was knocked sideways completely from the roadbed. The fact that the Moody car remained in the bounds of the intersection signifies nothing. Its forward progress was rather dramatically impeded.
We do not know the speed at actual impact, but the wet roadway made the finding of skid marks impossible. These may have helped us determine the speed of the car at the moment danger was observed, but their absence does not detract from the force of the striking, which shows a high speed at the moment of impact.
The witness Clark insisted on several occasions that the Moody car had passed her at a very high rate of speed. This, of course, was the only truly disinterested testimony on this point.
*522 Though, the question of Moody’s speed may seem at first blush to relate to his negligence alone, actually it also has great bearing on plaintiff’s action, and therefore on the question of his negligence. See Judy, supra.
Therefore, I think that the facts of this case bring it squarely within the holding of Johnson v. Wilson, La.App., 97 So.2d 674, and especially of Prewitt, above.
I respectfully dissent.

. Hudgens v. Mayeaux, La.App., 143 So.2d 606