ELLIS, Judge.
This suit arises out of an automobile accident which happened in East Baton Rouge Parish on February 16, 1966, at the intersection of U. S. Highway 61 and Progress Road. The suit was brought for personal injury and property damage by Margaret Early and her husband against Bowman Carney, his wife Helen D. Carney, and Gulf Insurance Company, their insurer. From an adverse decision in the district court, plaintiff brings this appeal.
The accident happened at 3:00 o’clock in the afternoon at the above described intersection. U. S. Highway 61 runs North and South, and Progress Road intersects it, running East and West. At the time the accident happened, it was raining and the streets were wet. Progress School is located near the intersection, and the accident happened within the school zone and during school zone hours.
Mrs. Early testified that she approached the intersection from the north, intending to turn left to go to Progress School, but that because of oncoming traffic, she was unable to make the turn and so brought her car to a halt. She testified that after the approaching traffic had cleared, she glanced in her rear view mirror and saw some cars stopped behind her and began her left turn. She testified that she was signalling for a left turn with her blinker light throughout the time she approached the intersection and while stopped, but that she made no hand signal. As she made the turn she was struck by the Carney vehicle.
Mrs. Carney testified that she approached the intersection at a speed of 30 or 35 miles per hour, admittedly in excess of the 20 mile per hour limit prevailing in the school zone. She said that she saw the Early vehicle moving along the road at a very slow rate of speed, giving no indication of an *266 intention to make a left turn. She drew up behind the car and pulled out to pass, and as she did so, the Early vehicle turned very suddenly, causing the accident. She further testified that when she pulled out to pass she was about a half block from the intersection and fairly close to the Early vehicle.
The only other eye witness to the accident was Edward J. Foster, a temporary crossing guard, who testified that he was at the intersection when the accident happened. He stated that he saw Mrs. Early bring her car to a halt at the intersection, signalling for a turn with her blinker light and with an arm signal as well. He stated that two or three cars stopped behind her, waiting for her to turn, and that when she did, the Carney vehicle suddenly whipped out from behind the line of cars and struck the Early vehicle. He further testified that he had known the Early family for about 19 years.
The State Trooper who investigated the accident testified that he was told by Mrs. Early that she came to the intersection at a slow rate of speed, almost brought her vehicle to a stop, waiting for oncoming traffic to clear, and then made her turn. He said Mrs. Carney told him that she did not see any directional signal being given.
The district judge found that Mrs. Carney was negligent, and that Mrs. Early was contributorily negligent. There is no question as to Mrs. Carney’s negligence raised on this appeal. The entire appeal is centered around the finding of contributory negligence on the part of Mrs. Early, with the argument of appellant being based in the main on his interpretation of the reasons for judgment given by the district judge.
Plaintiff takes the position that a driver properly signalling for a left turn, who is stopped to allow oncoming traffic to clear, and who has other vehicles stopped behind her waiting for her to make her turn, and who is in a school zone, and making a turn at an intersection, is not called on to anticipate that someone will attempt to pass the line of automobile^ under those circumstances. He cites, in support of his contention, the case of Judy v. Capps, 185 So.2d 84 (La.App. 4 Cir., 1966), and R.S. 32:104, subd. A, and R.S. 32:76, subd. A(2). However, this argument is based on the assumption that the district judge found, as a matter of fact, that all of the elements above set forth existed in this case. From a reading of the oral reasons for judgment given at the end of the trial, and the colloquy between the court and counsel, we do not reach this conclusion. We think that the trial court discounted the testimony of Mrs. Early and the crossing guard, because he believed that if the accident had happened as testified to by Mrs. Early, Mrs. Carney would of necessity have had a head on collision with the Northbound traffic which had just passed. We further note that the story which Mrs. Early told the trooper immediately after the accident, and the story she told from the witness stand are materially different.
A motorist preparing to make a left turn is governed by the requirements of R. S. 32:104, subd. A, which provides that no such turn should be made unless it can be made with reasonable safety. The trial court apparently felt that Mrs. Early had failed to discharge this duty by merely glancing in the rearview mirror, with which conclusion we are in complete agreement.
Plaintiff also contends that the trial court placed on plaintiff the burden of proving that she was not contributorily negligent. Although, from reading his reasons for judgment, there are some words which he said which might lead to that conclusion, we note that later on in his discussion with counsel, he stated that he placed the burden of proof on defendant to show that plaintiff was contributorily negligent and that the defendant had carried the burden of proof to his satisfaction.
*267 In view of the fact that the district judge saw and heard the witnesses and observed their demeanor on the stand, we cannot say that in so finding he was manifestly erroneous. The judgment appealed from is therefore affirmed at plaintiff’s cost.
Affirmed.