242 So.2d 103 (1970)
Joseph E. DUCOTE et al.
v.
ALLSTATE INSURANCE COMPANY et al.
No. 8119.
Court of Appeal of Louisiana, First Circuit.
November 16, 1970.
Rehearing Denied December 21, 1970.
Writ Refused February 10, 1971.
*104 Daniel R. Atkinson, of Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, for appellants.
Ralph L. Roy, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
Plaintiffs-appellees, Joseph and Alberta Ducote, filed suit against the defendant-appellant, Mason Schexsnayder, and his liability insurer, Allstate Insurance Company, for damages arising out of an automobile collision. Joseph Ducote, as head and master of the community, sought to recover certain items of special damage, one of which was the sum of $530 which represented the cost of repairing his automobile. Mrs. Alberta Ducote sought compensation for her personal injuries. Judgment was rendered in favor of Joseph Ducote in the sum of $639.50 and in favor of Alberta R. Ducote in the sum of $1,500 and against both defendants in solido.
The first two specifications of error, namely, that the trial court erred in holding that the defendant driver was guilty of negligence and that the plaintiff driver was free of contributory negligence will be discussed together.
Mrs. Alberta Ducote testified that on November 17, 1967, at approximately 7:15 o'clock P.M. she was driving a 1960 Oldsmobile in a northerly direction on Highway 67 commonly known as the Plank Road. It was dark and as she neared the private entrance to Hair Flying Service which is located on the west side of said road, she *105 turned on the left blinker light and came to a stop in preparation for making a left turn across the highway and into the Hair Flying Service private road. Following behind her were two other vehicles, one of which had come to a stop behind her and another which was either stopped or in the process of stopping after she had stopped to make her turn. Her reason for stopping was to let a car coming from the opposite direction clear the intersection before making her turn. When the oncoming car passed, she stated that she looked to her rear and could see the other cars stopped behind her and so she began to execute her turn and just as she had almost completed this maneuver, she was struck by the defendant who was attempting to pass her and the other two cars stopped behind her.
In corroboration of Mrs. Ducote's testimony was the testimony of Mr. Donald R. Zweigle, who testified that he had never seen or known Mrs. Ducote prior to the accident. Mr. Zweigle was on the Hair Flying Service road and was in the process of proceeding toward the Plank Road when he noticed the accident developing before him. Observing that an accident was about to occur, he stopped his vehicle and watched. He stated that he saw Mrs. Ducote stop with her left blinker light on and behind her one vehicle had stopped and another had either stopped or was in the process of stopping. He also noticed the car which he described as "a white Chevrolet" coming from the opposite direction and further noticed the defendant Schexsnayder proceeding toward Mrs. Ducote and the cars stopped behind her. He testified that the white Chevrolet was going rather fast and as it passed the intersection, Mrs. Ducote began her turn. He further testified that just as the white Chevrolet had cleared the cars behind Mrs. Ducote which he described as "being staggered," the defendant, who had been gaining speed, swung into the passing lane after the Chevrolet had passed him and then crashed into Mrs. Ducote who had begun her turn.
The defendant Schexsnayder testified that the traffic was moving slowly and that after oncoming traffic had cleared the passing lane, he attempted to pass the cars in front of him. He then testified that while in the act of passing, Mrs. Ducote turned left in front of him and he was unable to avoid the ensuing collision. He estimated his speed at approximately forty-five miles per hour at the time he applied his brakes and left thirty-three feet of skid marks which veered to the westerly edge of the highway, stopping at the point of collision. On cross-examination he stated that no other cars in front of him had come to a stop. He was not certain of the number of cars he was attempting to pass but thought there was only one car between his car and Mrs. Ducote. While he stated that he was following behind the traffic in front of him, he did not know how fast the traffic ahead was moving nor did he notice any brake lights going on in front of him, nor did he notice Mrs. Ducote's left turn blinker light. Thus, it can be seen that the defendant was attempting to pass three automobiles in the dark at the same time at a speed of approximately forty-five miles an hour and at a time when he could and should have seen Mrs. Ducote's automobile was stopped with its left turn blinker light flashing and when he could and should have seen the other automobile either stopped or in the process of stopping behind her. The conclusion to be drawn from this conduct is that the defendant was driving at an excessive rate of speed under the circumstances and was attempting a dangerous passing maneuver when traffic conditions before him required his caution and that he failed to exercise due caution because he was not looking or keeping a proper lookout. The foregoing conduct constituted negligence which was the proximate cause of the accident.
*106 The contributory negligence of left turning drivers under circumstances such as herein discussed has been commented upon many times by our courts. The principles of law to be obtained from a sampling of these decisions are as follows:
"Left turn drivers have a high degree of care, including the duty to watch out for normal overtaking traffic and duty not to unduly delay overtaking traffic, but there is no duty upon them to watch out for abnormal overtaking traffic nor to maintain a continuous duty to look to the rear. Delaune v. Crawford, [La.App.], 39 So.2d 94; Johnson v. Wilson, La.App., 97 So.2d 674; Hinton v. Beyl, [La.App.], 122 So.2d 680; Breland v. American Insurance Co., 163 So.2d 583; Hudgens v. Mayeaux, La.App., 143 So.2d 606; Gorum v. Pritchard, [La.App.], 173 So.2d 308." Jacobs v. State Farm Mutual Automobile Insurance Co., 191 So.2d 908, 910 (La.App.1st Cir. 1966). (Emphasis supplied)
"In judging whether a left turn can be made in safety, a motorist has the unquestioned right to assume that the following traffic will observe all of the duties imposed upon it by law and common sense, such as that the following traffic is proceeding within the speed limit, will not pass at an intersection, and will not pass over a double yellow line, and is, moreover, keeping a proper lookout. Green v. Plummer, La.App.1st Cir., 1960, 119 So.2d 862; Newman v. Southern Farm Bureau Casualty Ins. Co., La.App.1st Cir., 1959, 110 So.2d 816; Kelly v. Neff, La.App.2d Cir., 1943, 14 So.2d 657; White v. Neff, La.App.2d Cir., 1942, 11 So.2d 289." Faulkner v. Ryder Tank Lines, Inc., 135 So.2d 494, 496 (La.App.2d Cir. 1961) (Emphasis supplied) and Hudgens v. Mayeaux, 143 So.2d 606, 609 (La.App.3rd Cir. 1962).
Counsel has additionally assigned as error the ruling of the trial court in allowing a chiropractor to testify concerning plaintiff's injuries, the objection being that chiropractors are not licensed to practice in Louisiana and, accordingly, should not be allowed to testify. Our brothers on the Third Circuit Court of Appeal have considered the problem of the lack of a license to practice chiropractic as it affects the admissibility of a chiropractor's testimony concerning personal injuries. We believe their holding is correct insofar as it relates to the admissibility of such testimony, and it is as follows:
"However, the fact that a witness is not licensed to practice under the laws of the jurisdiction is immaterial insofar as it concerns his competence to testify as an expert, which is based upon his specialized training, knowledge and experience." Carvell v. Winn, 154 So.2d 788, 790 (La.App.3rd Cir. 1963).
See also, Meyers v. Wells, Mo., 273 S.W. 110 (1925).
Appellant further challenges the award of $1,500 in favor of Mrs. Ducote as being excessive and submits that we should reduce the same to $750. No reason has been advanced by counsel in support of this assertion and we assume he is not serious. However, Mrs. Ducote sustained a cervical injury, and the testimony reflects that as a result thereof she suffered severe headaches, pain in the neck muscles causing difficulty in rotation of the head and extreme nervousness. At the scene of the accident, she became in a weakened condition and one witness described her as being "so shook up she didn't know what was going on." Dr. Lloyd Champagne, a medical doctor, diagnosed her injuries as cervical strain, contusion of the right shoulder and tension reaction. The doctor's written report submitted in lieu of his testimony describes her injuries as mild and estimated them to be of six weeks' duration. Trial judges are allowed great discretion in the assessment of damages, and we find that the evidence here substantiates that the award was neither insufficient nor excessive.
*107 There is merit in appellant's complaint that the trial judge erroneously allowed an award of $530 in favor of plaintiff Joseph Ducote for the repair of his automobile. The only evidence in the record is plaintiff's testimony that he paid $530 for the repair of his car. Such testimony alone is insufficient to sustain the burden of proving a claim for property damage. As stated by this Court in Vezinat v. Marix, 217 So.2d 416, 421 (La.App.1st Cir. 1968):
"* * * It is settled law that plaintiff's own estimate of damages is insufficient to support a claim for recovery of a sum spent in repair of a vehicle damaged in an accident. In such cases, plaintiff must prove his claim by the estimate of a person qualified and knowledgeable in the assessment of the value of vehicular repair. Carr v. Williams, La.App., 145 So.2d 611."
Accordingly, the judgment in favor of Joseph E. Ducote is reduced to the sum of $109.50.
For the above and foregoing reasons assigned, the judgment of the trial court is amended to reduce the award of Joseph Ducote to the sum of $109.50 and as thus amended, the same is affirmed. The costs of this appeal are to be paid by the defendant-appellant.
Amended and affirmed.

On Rehearing
PER CURIAM.
In the opinion we referred to the testimony of Mr. Donald R. Sweigle and in commenting thereon stated that he observed a car described as a "white Chevrolet" coming from the opposite direction and that he further observed the defendant Schexsnayder proceeding toward Mrs. Ducote and the car stopped behind her. Counsel states that the white Chevrolet was driven by Mr. Schexsnayder and that we were in error in designating the car coming from the opposite direction as a white Chevrolet. He is correct. The car actually coming from the opposite direction from the defendant Schexsnayder was identified in the evidence as the southbound vehicle and the evidence shows that Mr. Schexsnayder was driving a white Chevrolet which was proceeding in a northerly direction. However, the white Chevrolet driven by the defendant Schexsnayder was the same car which we concluded in our original opinion was being driven in such a negligent manner as to constitute the proximate cause of the accident.