PRICE, Judge.
This tort action arises out of a collision between a left turning vehicle and a following automobile engaged in a passing maneuver on Highway 171 south of Stonewall in DeSoto Parish, Louisiana, on April 10, 1971, at about 9:50 a. m.
Mrs. Carolyn Jane Stephens was driving a 1964 Ford south on U. S. Highway 171 and was in the lead position of a line of vehicles proceeding at a speed of approximately 35 miles per hour. As Carolyn Ste- ■ phens approached her intended destination, the home of Mr. and Mrs. W. R. Adams, situated on the east side of the highway, she began to make a left turn into the Adams driveway. Before she completed this maneuver, her vehicle was struck by a 1967 Chevrolet driven by George Doerge, a following motorist who had begun to pass the line of vehicles.
Plaintiffs in this action are: Frank Stephens, appearing individually to recover damages to the automobile being driven by his wife, and for her medical expenses, and on behalf of his minor daughter, Cynthia Marie (a passenger in the Stephens automobile) seeking damages for personal injuries to the child; Carolyn Jane Stephens, who seeks damages for her own personal injuries allegedly suffered in the accident.
Defendants are George Leonard Doerge and his liability insurer, Allstate Insurance Company.
Defendants answered, denying Doerge was guilty of any negligence which was a proximate cause of the accident and interposed the defense of contributory negligence against the recovery of Carolyn Stephens. Defendants also filed a third party action against Mr. and Mrs. Stephens and their liability insurer, Great American Insurance Company, seeking to have the third party defendants cast in solido with the original defendants in the event judgment was rendered in favor of Frank Stephens on behalf of his minor child.
For written reasons the trial judge found both drivers guilty of negligence causing or contributing to the accident and rendered judgment rejecting the demands relating to personal injuries for Carolyn Stephens, and in favor of Frank Stephens on behalf of his minor child for $1,065 against Doerge and Allstate, with further judgment in their favor against third party defendants for one-half of this amount. All parties have appealed from this judgment.
Highway 171 is a two-lane paved highway running in a north to south direction and is straight and level in the immediate area of the accident. There are no yellow lines or signs which prohibit southbound traffic from passing other vehicles in this area. At the time of the accident it was raining and the surface of the road was wet.
In her testimony Carolyn Stephens contends she engaged her left turn signal indicator some distance prior to reaching her intended destination and began slowing her vehicle preparatory to making a left turn when she was about 100 to 150 yards from the Adams driveway. She contends she saw no oncoming traffic and observed the traffic behind her slowing through her rear view mirror. She further testified she had her left window down, even though it was raining, stuck her head out and looked to her rear prior to beginning the turn but saw no vehicle in the passing lane. She contends her car was partially in the Adams drive when she heard brakes squealing and upon looking to her left saw *178 the Doerge vehicle just prior to its striking her automobile on the left side, knocking it across the drive into a culvert.
Doerge testified he had followed the line of slow moving traffic through an area of curves and hills at a speed of approximately 35 miles per hour. He further testified that upon reaching a long level stretch of highway and observing no oncoming traffic, he sounded his horn and pulled out in the passing lane, intending to pass the line of vehicles ahead of him. He stated he had passed one pickup truck and was about to pass the next vehicle in line when he noticed the left turn indicator flashing on the lead vehicle, which immediately began making an angling type turn across the left lane toward a private drive on the east side of the road. Doerge testified he immediately began braking his automobile but did not have time to avoid striking the turning vehicle. He admits he accelerated his speed from approximately 35 miles per hour to around 55 while engaged in the passing maneuver.
Plaintiffs contend the trial judge erred in concluding Carolyn Stephens was guilty of contributory negligence by finding the Doerge vehicle was in the passing lane at the time she began making her left turn and that had she made the proper observation to her rear, she would, or should have seen she could not turn in safety.
Alternatively, plaintiffs argue Doerge had the last clear chance to avoid the accident and they should recover even if this court agrees with the trial judge’s finding that Carolyn Stephens should have seen the Doerge vehicle had preempted the passing lane.
We find no error in the conclusion reached by the trial judge that Doerge was in the passing lane prior to the time Carolyn Stephens began her turn. This conclusion resulted from the deduction by the court that since Doerge had time to pass two vehicles and apply his brakes, thus minimizing the force of impact, he must necessarily have already been in the passing lane prior to the beginning of the left turn by Mrs. Stephens. This reasoning is consistent with the case of Waters v. Pharr Brothers, Inc., 228 So.2d 91 (La.App.2d Cir. 1969) decided by this court, and we find no error in same.
We further find no error in his conclusion that Carolyn Stephens should have seen the Doerge vehicle had she made proper observation to her rear.
LSA-R.S. 32:104(A) provides as follows :
“No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
Plaintiffs rely on the holdings in the cases of Ducote v. Allstate Insurance Company, 242 So.2d 103 (La.App.lst Cir. 1971), and Prewitt v. St. Paul Fire & Marine Insurance Corporation, 126 So.2d 389 (La.App.2d Cir. 1961), in an attempt to show Carolyn Stephens used reasonable care in executing the left turn.
These cases are distinguishable. The Ducote case involved a left turning motorist at night who had come to a complete stop to allow oncoming traffic to clear, and who made proper observation to the rear before beginning a left turn and was struck by an overtaking motorist who was passing other traffic that had stopped to allow Mrs. Ducote to make her left turn. The court found, under the circumstances, defendant’s excessive speed and failure to maintain a proper lookout was the sole cause of the accident.
In the Prewitt case, the court absolved the plaintiff of contributory negligence because of proof of the very excessive speed above the legal limit of the overtaking motorist.
*179 In the Ducote and Prewitt cases, the circumstances were such that the left turning drivers who made a reasonable observation to their rear at the appropriate time before commencing their turns were excused from failing to see the overtaking vehicle because of its excessive speed. The trial judge found that although Carolyn Stephens made an observation to her rear prior to commencing her turn, she did not discharge the burden required of a left turning motorist to first determine if the movement could be made with reasonable safety. This finding is in accord with the evidence for if Carolyn Stephens had made an observation to her rear commensurate with the hazardous driving conditions existing at that moment, she should have seen the Doerge vehicle overtaking her in the passing lane. We find no manifest error in the trial court’s rejection of the demands on behalf of plaintiff, Carolyn Stephens, because her negligence was a contributing cause of the accident.
The doctrine of last clear chance has no applicability to the facts of this case as there is no showing that Doerge could have prevented the collision after discovering the Stephens vehicle was making a left turn.
In their appeal, defendants complained that the trial court erred in finding negligence on the part of Doerge which was a proximate cause of the accident. The trial judge in his written reasons concluded that under the weather conditions prevailing in this case, a motorist who attempts to pass several vehicles at one time when he cannot see the lead vehicle and knows the driver of that vehicle may not be able to see him, must use the highest degree of care in executing his maneuver because of the hazards involved. He further found that defendant, Doerge, did not use the standard of care imposed on him after beginning his passing maneuver to maintain a proper lookout and to keep his vehicle under proper control under the circumstances involved in this case.
Defendants assert Doerge was free from any negligence causing this accident. They contend he did not exceed the speed limit of 60 miles per hour and was lawfully passing a very slow moving line of vehicles and had no reason to believe the lead vehicle would enter the left lane after he had preempted it. Defendants cite several cases holding it lawful to pass more than one vehicle at a time on a two-lane highway where no oncoming traffic is in sight, and where it is apparent the maneuver can be made in safety.
Defendants also rely heavily on the holdings in the cases of Maryland Casualty Insurance Company v. Southern Farm Bureau Casualty Company, 228 So.2d 88 (La.App.2d 1969), and Leger v. Fireman’s Fund Insurance Company, 248 So.2d 921 (La.App.3d Cir. 1971), to absolve Doerge of any negligence. All of the cases cited by defendants involve different factual situations. The Maryland Casualty Insurance Company case did have somewhat similar physical facts, but the court was only called upon to decide the question of contributory negligence of the left turning motorist and was not presented with the issue of the negligence of the passing motorist. Therefore, we do not feel bound by some of the observations of the court regarding freedom of negligence on behalf of the defendant in that case.
The Leger case is clearly distinguishable on its facts. There the weather was clear and dry and the court found it improbable that the left turning motorist ever gave a signal indicating to following motorists his intent to turn.
Defendants also urge the trial court erred in its finding of fact that Carolyn Stephens had engaged her left turn signal indicator some distance prior to commencing her turn. Resolution of this issue depends primarily on the evaluation of the credibility of witnesses’ testimony and we should not disturb such a finding unless the evidence preponderates against such a conclusion. Here, Carolyn Ste *180 phens testified she gave a proper signal and Doerge admits he observed same after he became abreast of the second vehicle in line. We find no error in this factual finding by the trial court.
After giving due consideration to all of the cases cited by defendants and evaluating the question of absence of negligence on behalf of Doerge in relation to the facts and holdings in those cases, we find no manifest error in the conclusion of the trial judge that Doerge was guilty of negligence which was a proximate cause of this accident.
There is no complaint on the reasonableness of the award made for the personal injuries to the minor child.
For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are to be paid equally by plaintiffs, Frank and Carolyn Stephens, and defendants.