HALL, Judge.
This suit for damages arises out of a collision between a left-turning automobile driven by plaintiff, Chester Harris, and an overtaking and passing automobile driven by defendant Michael L. Copeland and insured by Allstate Insurance Company. The district court held that the accident was caused by the negligence of the defendant and that the plaintiff was free from negligence. Judgment was rendered in favor of plaintiff for $1,973.55 stipulated damages.
Defendant appealed, conceding his own negligence, but urging the trial court erred in failing to find plaintiff contributorily negligent. We affirm the judgment of the district court.
The accident occurred on the night of October 14, 1972, in the City of Monroe on Loop Road, a two-lane paved road. Both vehicles were proceeding easterly as they approached the scene of the accident. Plaintiff intended to make a left turn into a private driveway of a residence. He turned on his left-turn blinker light about a half block prior to making the turn. There were several automobiles following plaintiff. Plaintiff looked in his rearview mirror when he put on the left-turn blinker light and looked again before commencing the left turn. He saw no sign of danger and commenced his turn into the driveway. After he had crossed the left lane and his automobile was either entirely or almost entirely into the driveway off of the road, the left rear side of the automobile was struck by defendant’s automobile, which was at least partially off of the road on the left side.
Defendant, late for a date, was attempting to pass the line of cars at a speed of about fifty miles per hour. The speed limit was thirty-five miles per hour. He did not see plaintiff’s left-turn blinker light. When he observed plaintiff making the left turn, he put on his brakes and turned to the left but could not avoid the accident.
Defendant concedes his negligence in attempting the passing maneuver at an excessive rate of speed and in failing to observe plaintiff’s left-turn signal. He contends, however, that plaintiff was contributorily negligent in failing to look to the rear immediately prior to commencing the left turn and in failing to see defendant’s automobile in the passing lane prior to making the left turn. Defendant particularly relies on Stephens v. Allstate Insurance Company, 260 So.2d 176 (La.App. 2d Cir. 1972) and Motors Insurance Corporation v. Howell, 266 So.2d 240 (La.App. 2d Cir. 1972), in which the negligence of the left-turning motorist was held to depend on whether the left-turning motorist made the *263 proper observations to the rear before attempting his left turn, and on whether the passing motorist was already in the passing lane before the left-turning motorist commenced his left turn.
Plaintiff, on the other hand, cites Ducote v. Allstate Insurance Company, 242 So.2d 103 (La.App. 1st Cir. 1970), writ refused, 257 La. 618, 243 So.2d 532 (1971) and Paggett v. Travelers Indemnity Company, 99 So.2d 173 (La.App. 2d Cir. 1957), in which this court held left-turning motorists free from negligence where the overtaking, passing motorist was driving at an excessive rate of speed. See also Prewitt v. St. Paul Fire & Marine Insurance Corp., 126 So.2d 389 (La.App. 2d Cir. 1961).
As we observed in the Howell case:
“Each side attempts to distinguish the other’s cases and they do so successfully because no two accidents ever present the exact identical facts. Each case must be decided on its own particular facts and each case involves a determination of whether the motorist’s actions were reasonable under the particular circumstances involved.”
The issues in this case are basically factual. Plaintiff testified he made proper observations to the rear prior to commencing the left turn. Although defendant attempted to impeach his testimony by an allegedly inconsistent prior recorded telephone conversation, the statements made by plaintiff in the prior conversation are not necessarily inconsistent with his testimony at the trial.
The essence of the transcribed oral reasons for judgment given by the district court at the conclusion of the trial is that defendant was a considerable distance behind plaintiff at the time plaintiff began his turning maneuver and it is doubtful plaintiff could have seen defendant considering the distance he was behind plaintiff at that time. The evidence substantiates this conclusion. Although defendant definitely was in the passing lane at the time plaintiff actually commenced the left turn, he must have been a considerable distance back down the road at that time, considering the rate of speed at which he was traveling and the fact that plaintiff actually completed the left-turn maneuver and was clear or almost clear of the highway before he was struck by defendant. It would have been difficult if not impossible for plaintiff to have seen defendant when he last looked prior to commencing the turn. Under all of the circumstances of this particular case plaintiff’s actions were reasonable and he was not guilty of negligence contributing to the accident.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.