LOBRANO, Judge.
This appeal by plaintiff-appellants, Lyn Anderson and Louis Roach, Jr. arises out of an adverse judgment rendered against them by a jury in the Civil District Court for the Parish of Orleans. They seek damages as a result of an accident which occurred on September 20, 1979 between a New Orleans Public Service (N.O.P.S.I.) bus and a vehicle driven by Arthur Simms at the intersection of South Claiborne Avenue and First Street.[1] Miss Anderson and Mr. Roach were two of many passengers aboard the bus who received injuries as a result of the collision. Many lawsuits arose out of this accident and were consolidated for trial held on May 6th and 7th, 1981. Only Miss Anderson and Mr. Roach went to trial. The *874 remaining plaintiffs entered into agreements with N.O.P.S.I. to the effect that if the jury held N.O.P.S.I. liable to Anderson and Roach that they too would recover as per agreed upon amounts. Valid legal service of process was never effectuated on Mr. Arthur Simms and prior to the trial counsel for Mr. Simms’ insurer, Government Employees Insurance Co. withdrew the answers he had previously filed on Mr. Simms’ behalf. All of the proceeds under GEICO’s policy were paid prior to trial, except $2,500.00 which would be paid to appellant, Anderson, after the trial. Prior to trial, all counsel also stipulated that Arthur Simms was negligent.[2]
FACTS
On the morning of September 20, 1979, Louis Roach boarded a Canal bound Claiborne Avenue New Orleans Public Service bus at Washington and South Claiborne Avenues. He was accompanied by his step daughter. He paid their fare and both took a seat two seats directly behind the driver. At approximately 8:14 a.m., Lyn Anderson, boarded the same bus at South Claiborne and First Street. She paid her fare and started to walk towards the back of the bus to find a seat. The bus began moving forward and shortly thereafter a collision occurred between the bus and the Simms vehicle. While attempting to cross Claiborne at First Street in a river bound direction the Simms vehicle struck the left front side of the bus. Miss Anderson was pushed against a steel railing, banged around and landed on the floor in a kneeling position sustaining injuries to her left foot and lower back as well as multiple contusions. Mr. Roach was bounced around in his seat, and sustained injuries to his left side, shoulder and knee. The other plaintiffs also sustained injuries. After a two day trial the jury verdict was in favor of New Orleans Public Service and against plaintiff-appellants.
Appellants assert the judgment of the lower court was in error in the following particulars:
1) in finding that the NOPSI bus driver had rebutted a prima facie case of negligence imposed on him;
2) in not finding the bus driver negligent in violation of R.S. 32:103 which provides:
“No person shall move a vehicle which is stopped, standing, or parked, unless and until such movement can be made with reasonable safety.”
3) in allowing the defendant to introduce evidence that Arthur Simms received a traffic ticket from the accident and that Arthur Simms plead guilty to the ticket, when Arthur Simms was not a party to the lawsuit.
4) in allowing the New Orleans Public Service Investigator, Benjamin Walker, to testify as to what statements were made to him by Arthur Simms when he arrived at the scene of the accident, when Arthur Simms was not a party to the lawsuit, unavailable and not present in court — such statements being hearsay and inadmissible.
This court is mandated to leave factual findings of the trier of fact undisturbed where the evidence furnishes a reasonable basis for those findings, unless there is manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). We are not to rely on only so much of the record as is necessary to substantiate an affirmance, but must carefully review same to determine that there is no manifest error. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We have made such a review of the record before us, and agree that manifest error is apparent in the jury’s conclusion and therefore reverse the judgment below.
Appellants complain that evidence of the guilty plea made by Arthur Simms to the traffic violation he received was inadmissible hearsay, and should not have been *875 allowed. Since Simms could not be located, an employee of the Traffic Court testified as to that plea. Although we agree with NOPSI’s contention that the statement is an admission against interest, and is therefore an exception to the hearsay rule, it still should not have been allowed in evidence. The parties had previously stipulated that Simms was negligent and therefore there was no need to present further evidence of that negligence.
Appellants also complain that the lower court was in error in allowing Benjamin Walker, NOPSI’s investigator to relate the statements given to him by Simms regarding the cause of the collision. We agree with appellants that said evidence should not have been admitted for two reasons. First, it was hearsay and second, it was irrelevant since Simms’ negligence had already been stipulated. Hearsay evidence is testimony or written evidence in Court of a statement made out of court, when the statement is being offered to prove the truth of the matter asserted therein, and thus resting its value upon the credibility of the out-of-court asserter. State v. King, 355 So.2d 1305 (La.1978); State v. Clark, 400 So.2d 334 (La.App. 4th Cir.1981). Unreliability is the reason for excluding hearsay evidence. It is based on statements made by persons who are not before the court, have not been sworn in and are not available for cross examination. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3rd Cir.1976), writ denied, 329 So.2d 458 (La. 1976).
In addition to allowing evidence of Simms’ negligence go to the jury, the lower court allowed the jury to decide whether Simms was in fact negligent. The first interrogatory submitted stated:
“Was the defendant, Arthur Simms, the driver of the pick-up truck, guilty of negligence, which negligence was a proximate cause of the accident?”
The jury answered “yes” to that interrogatory. We conclude that this also was in error since Simms was not a party to the suit, and all parties had previously agreed that he was negligent. There was no purpose in submitting that question of fact to the jury. We are of the opinion that the evidence of the traffic violation, the hearsay statements of Simms, and the jury interrogatory concerning Simms’ negligence were so prejudicial to appellants’ case that they had the effect of distracting the jury from the real issue to be decided, that being whether NOPSI sufficiently exculpated itself from the slightest negligence whatsoever.
“A common carrier owes a duty to his passengers to see that they reach their destination safely.” Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La. 1979). Justice Blanche writing for the court stated:
“We hold that the mere showing of an injury to a fare paying passenger on a public conveyance and his failure to reach his destination safely imposes upon the carrier the burden of exculpating itself of negligence.” supra at page 85.
Because NOPSI is engaged as a common carrier operating a public conveyance, it owes a special duty to its fare paying passengers, and there is a presumption that NOPSI has breached its duty when a fare paying passenger is injured. This presumption shifts the burden of NOPSI to exculpate itself from any negligence. As the Louisiana Supreme Court stated in Wise v. Prescott, 244 La. 157, 151 So.2d 356 (La. 1963):
“The mere showing of injury to a fare paying passenger on a public conveyance and his failure to reach his distination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case.
A public carrier of passengers while not an insurer, is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence.
The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted, to pre *876 vent injury to passengers, the carrier being held liable for the slightest negligence with reference to the exercise of such care.” supra at 359. (emphasis added)
The recent case of Davis v. Owen, 368 So.2d 1052 (La.1979) is factually similar to the instant case. In Davis, the accident between a NOPSI bus and an automobile occurred at the intersection of Elysian Fields Avenue and North Prieur Street. Elysian Fields, like South Claiborne Avenue, is a multi-laned right of way separated by the wide neutral ground area. The bus in Davis as in the instant case was in the far right lane where the accident occurred. As in the Davis case, the Simms vehicle crossed all the west bound lanes of Claiborne, traversed the entire length of the neutral ground area and almost three full east bound lanes of Claiborne Avenue before the collision occurred. The trial court in Davis found NOPSI liable for failure of the bus driver to use due care and see that which he should and could have seen. This court reversed the trial court but was subsequently reversed by the Supreme Court. Justice Calogero, writing for the court stated:
“It is axiomatic that any driver who fails to see what is obvious to him is derelict in his duty...
.. . one element of due care in this case is just this duty, to see that which one could and should see.” Davis supra, pp. 1056 and 1057.
The testimony of the bus driver in the instant case proves he failed in this duty to keep the proper lookout.
“Q. Did you ever see the truck at any time while he was leaving the neutral ground area?
A. No. I did not. I saw him when he was seven or eight feet from me.
Q. You never say him at any time in the whole area even though you said before you left a stopped position you checked the traffic over First Street?
A. Right. I never saw it.
Q. Could you see all the way across the neutral ground?
A. No. I just looked as far as the three lanes.
Q. You didn’t look in the neutral ground to see if anyone was there?
A. There were three lanes of moving traffic and I just stopped to see if any traffic was coming across the street of something like that.”
The record is devoid of any evidence that the bus driver’s view of the intersection was in anyway obstructed. Further, the testimony of plaintiff Louis Roach, NOPSI’s investigator, Benjamin Walker, and witness Williette Yarbrough clearly show that the Simms vehicle hit the left front tire of the NOPSI bus. Certainly the NOPSI driver, pulling away from the curb onto a wide 3 lane street such as Claiborne Avenue should have seen the Simms vehicle. We therefore conclude that NOPSI failed to exculpate itself from the slightest negligence, as required by our law. The jury was in error to conclude otherwise.
For the foregoing reasons, the judgment of the district court is reversed and judgment is entered for plaintiff-appellant, Lyn Anderson and Louis Roach, Jr. and against New Orleans Public Service, Inc.
QUANTUM

Lyn Anderson:

The record reflects that as a result of the accident of September 20, 1979, Lyn Anderson sustained injuries to her back, left knee, right thigh, legs and left foot and severe mental depression and anxiety. The contusions and lacerations of the legs and contusions to the right thigh resolved without problems. The left knee injury resolved with problems which, from the record, appears to have resolved by the time of trial. Of the injuries, the back and left foot injuries were the most serious. To her left foot she sustained a soft tissue injury to the group of morton neuroma, the nerves supplying the motory and sensory sensations to the toes and to the right metatarsal which provides the sensation to the toes. Scar tissue developed along the nerves which *877 produced pain when standing or walking. Major surgery was performed on January 24,1980, to excise the nerve and remove the scar tissue. Miss Anderson remained hospitalized four days. Following the surgery, she continued to experience pain in the foot and numbness to the toes. She walked with a limp and was unable to wear her shoe even while at work. These problems continued to the time of trial. During the trial her treating physician testified that additional surgery was needed to excise the nerve again to remove any fibre that may have remained.
Appellant also sustained an actué lumbo strain causing pain over the coccyx with palpation pushing over the coccyx region. At the time of trial, it was in the acute phase. The injury is chronic and painful and is in the category of low back strain, a difficult injury to treat. The condition is permanent and cannot be corrected surgically. It increases with physical exertion causing pain and requiring restriction of regular activities. The record indicates that appellant prior to the accident was a physically active person who can no longer engage in many activities she previously enjoyed.
Miss Anderson was treated for one year for this condition with little or no improvement. Disc problems were suspected and she was hospitalized and a myelogram performed. Although the results were negative, this procedure is extremely dangerous and painful requiring extraction of spinal fluid and insertion of a dye into the spinal canal. We therefore, award as follows:
ACTUAL PAST MEDICAL EXPENSES: $ 3,924.96
FUTURE MEDICAL EXPENSES: 1,500.00
ACTUAL LOSS OF EARNINGS: 1,456.60
PHYSICAL PAIN AND SUFFERING: 60.000.00
TOTAL $66,969.56

Louis Roach, Jr.

The record reflects that Louis Roach sustained the following injuries and expenses; multiple contusions of the shoulders, neck, back, left knee and upper arm at Deltoid, stiff and painful on movement and flank. He was treated from September 20, 1979 through December 4, 1979 at which time treatment was discontinued because of personal problems. He was, however, showing improvements at the time. Treatment consisted of soma compound with codeine, a pain killer to be taken three times daily, infrared treatment three times weekly and heat pad applications at home. Mr. Roach did not sustain loss of earnings as he was on vacation at the time of the accident. We therefore award as follows:
ACTUAL PAST MEDICAL EXPENSES: $ 760.00
PHYSICAL PAIN AND SUFFERING: 4.000.00
TOTAL $4,760.00
All costs below and on appeal to be paid by New Orleans Public Service, Inc.
REVERSED AND RENDERED.

. Throughout the record this Court notes that many of the witnesses and parties refer to the accident location as S. Carrollton and First Street. We are convinced that the location was in fact S. Claiborne and First.

. . The record indicates that the stipulation wás done in Chambers and not in the presence of the. jury. There is no indication, however, that this stipulation would not be made known to the jury, and we see no reason why it should not have been.