464 So.2d 894 (1985)
Mercedes SHELLINS, Individually and on Behalf of her Minor Child, Michelle Shellins
v.
Edwin COLAR, Walter Washington and New Orleans Public Service, Inc.
Kim SMITH
v.
Edwin COLAR.
Nos. CA-2312, CA-2313.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*895 Edward P. Comeaux, Anna M. Washburn, New Orleans, for plaintiff-appellant, Mercedes Shellins.
James C. Witcher, II, New Orleans, for plaintiff-appellant, Kim Smith.
Lawrence H. Martin, New Orleans Legal Assistance Corp., New Orleans, for defendant-appellant, Edwin Colar.
Charlton B. Ogden, III, Ogden, Ogden & McCune, New Orleans, for defendant-appellee, N.O. Public Service, Inc.
Before REDMANN, C.J., and BARRY and KLEES, JJ.
BARRY, Judge.
Plaintiffs were awarded damages from a negligent uninsured motorist whose vehicle collided with a left turning New Orleans Public Service bus. Plaintiffs' appeal claims their NOPSI driver was also negligent and the public carrier did not exonerate itself from its high duty of care.
On March 15, 1982 around 10:30 p.m. Michelle Shellins and Kim Smith were farepaying passengers aboard a NOPSI bus driven by Walter Washington. The bus was stopped for a red light on N. Galvez (two-way street) at the intersection of Desire Street. Washington testified that corner has no bus stop for his route and he did not pick up or discharge passengers. Washington said he put on the left turn signal several car lengths before the corner. When the light turned green he looked into the side view mirror and no vehicle was attempting to pass on the left, so he started a left turn onto Desire St. The left front of the bus collided with the right front fender of an automobile driven by Edwin Colar. Washington was positive the bus lights were on, but did not recall if the car's lights were on. He said it appeared Colar was also attempting a left turn.
Colar testified there were two cars behind the bus and in front of him. He claimed the bus did not move when the light changed to green and assumed the bus was picking up or dropping off passengers, so he proceeded to pass the three vehicles (at about 30 miles an hour) to continue on N. Galvez. As he reached the rear of the bus it started to pull away from the curb without its left turn signal on. Colar said he blew his horn and hit the brakes before the collision. He received a citation for improper lane usage.
Plaintiff Smith testified as to the positions of the car and bus and said she did not hear a horn blow before the collision. Neither plaintiff provided any information to resolve the conflicting testimony.
NOPSI's investigator testified (over an objection to hearsay) that Colar said there was a car and bus in front of him (not two cars) and he intended to continue down Galvez. Colar's passenger, Rod Rouzan, testified Colar's car was behind a bus following a car directly behind NOPSI's bus.
A public conveyance owes a special duty to its fare-paying passengers, Muse v. New Orleans Public Service, Inc., 449 So.2d 164 (La.App. 4th Cir.1984), writ denied 450 So.2d 967 (La.1984), and are charged with the highest degree of care. Taylor v. Meyer, 432 So.2d 933 (La.App. 4th Cir.1983). A fare-paying passenger's failure to reach his destination safely establishes a prima facie case against the carrier; the burden of proof then shifts to the carrier to exculpate itself. Galland v. New Orleans Public Service, Inc., 377 So.2d 84 (La.1979). The carrier will be held liable for the slightest negligence with reference to its highest degree of care. Anderson v. New Orleans Public Service, Inc., 433 So.2d 872 (La.App. 4th Cir.1983), writ denied 439 So.2d 1077 (La.1983).
*896 In written reasons the trial court specified that the bus driver's testimony was more credible and concluded the accident was caused solely by Colar. Although the reasons do not articulate that the burden shifted to NOPSI after plaintiffs proved their injuries on the bus, we interpret the court's statement that Washington was not negligent to mean NOPSI had exculpated itself.
The court's conclusion that Washington was not negligent obviously extends to his high duty as a left-turning motorist. Should an accident occur the motorist carries the burden of exculpating himself of fault. Makas v. New Orleans Public Service, Inc., 410 So.2d 351 (La.App. 4th Cir. 1982). La.R.S. 32:104 A additionally mandates that a vehicle not turn left or right until such movement can be made with reasonable safety. Horde v. Foucha, 396 So.2d 441 (La.App. 4th Cir.1981), writ denied 401 So.2d 976 (La.1981).
That stringent duty should not be applied when the non-turning driver is overtaking the turning motorist since both parties are then engaged in dangerous maneuvers. Judy v. Capps, 185 So.2d 84 (La. App. 4th Cir.1966). The overtaking motorist is also statutorily prohibited from passing when approaching within 100 feet of an intersection. La.R.S. 32:76 A(2). The motorist legally turning after checking the rear view mirror may be found free from negligence if the overtaking car (traveling at a much higher rate of speed) cannot be seen before the collision. Procell v. Strange, 203 So.2d 739 (La.App. 3rd Cir. 1967). The left-turning motorist is not required to maintain a continuous observation to his rear. Hudgens v. Mayeaux, 143 So.2d 606 (La.App. 3rd Cir.1962). Washington testified he looked before he attempted to turn onto Desire Street and we are satisfied he did not violate any duty owed to his passengers.
The trial court's findings are accorded great weight and will not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The judgment is affirmed.
AFFIRMED.