499 So.2d 555 (1986)
Bessie WHALEY, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY and Allen E. Hilton, Defendants-Appellees.
No. 18258-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*556 Travis M. Holley & Associates by Travis M. Holley, Bastrop, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by David H. Nelson, Monroe, for defendants-appellees.
Before MARVIN and FRED W. JONES, Jr., JJ., and CULPEPPER, J. Ad Hoc.
MARVIN, Judge.
In this action for personal injury arising out of a collision between a passing vehicle and a left-turning vehicle, the passenger in the passing automobile appeals a judgment which rejected her demands against the left turning driver. Appellant also seeks an increase in the damages awarded her by the trial court in the judgment against the passing driver who was uninsured.
The driver was attempting to pass approximately 10 other vehicles that were stopped behind the vehicle which had signaled and then began making a left turn. The city street on which the accident occurred was under construction and was clearly marked with double yellow lines and other signs indicating no passing. Traffic was being controlled at each end of the construction site by construction employees with flags.
*557 The passing driver proceeded illegally and at an excessive and unreasonable speed. After sideswiping the left front side of the left turning car, the passing driver then accelerated his vehicle, collided with a construction barrel-marker, and drove through the construction area which had been excavated to widen the roadway, again accelerating his vehicle before colliding with the concrete where the excavation terminated. This collision caused the front tires of his vehicle to blow out. The driver then maneuvered his vehicle back on the paved roadway where he drove for some distance on the flat tires and rims. He later drove into a parking lot and abandoned the vehicle and fled into nearby woods. The policeman who eventually apprehended the driver said he smelled strongly of alcohol and appeared to be highly intoxicated.
We agree with the passenger's argument in the abstract that a high degree of care is required of a driver who undertakes what is often characterized the very dangerous left turn. There is a commensurate duty, however, on the overtaking and passing driver. Both drivers in such a situation are engaged in a dangerous maneuvers. See Shellins v. Colar, 464 So.2d 894 (La.App. 4th Cir.1985).
There is no presumption of negligence on a left turning driver who is involved in a collision with another vehicle. Dorty v. Zurich Insurance Company, 236 So.2d 837 (La.App. 2d Cir.1970). A left-turning driver who is proceeding in compliance with the law may assume that a following driver will obey the speed limit, will not pass in a no passing zone, and will maintain a proper lookout and reasonable control of his vehicle. Breland v. American Insurance Company, 163 So.2d 583 (La.App. 2d Cir.1964); Ducote v. Allstate Insurance Company, 242 So.2d 103 (La. App. 1st Cir.1970).
The record clearly supports the finding that the left-turning motorist was not negligent in any respect and that the sole cause of the accident, in fact and in law, was the grossly negligent conduct of the passing driver. The left turn was being made at a place where a left turn was permitted, at a dirt ramp across the excavated area which provided access to and from the parking lot of a fast food restaurant abutting the street.
The left turning driver had signaled his left turn. The slow moving traffic, in response to the signal and to the signal of construction employees with flags, had stopped behind the vehicle signaling the left turn. The driver testified that he looked into his rearview mirror and did not see any traffic behind that was attempting to pass when he slowly began to make his left turn.
The roadway was clearly marked no passing and the left turning driver, having once looked to the rear, could assume that any following traffic would not disobey the no passing signals and markings and attempt to pass at a high rate of speed. A left turning driver who looks for what may be overtaking traffic that is normally proceeding, and begins to make his left turn, is not under a duty to maintain a continuous lookout to the rear. Ducote, supra. The determination of who was negligent under what circumstances can be made only on a case-to-case basis. Harris v. Allstate Insurance Company, 292 So.2d 261 (La.App. 2d Cir.1974). We find the trial court's judgment abundantly supported by the record.

DAMAGES
Appellant argues that the damages awarded her were inadequate and below the discretion afforded the trial court. She complained of injuries consisting of contusions of the right shoulder and the abdomen, a moderate strain to the right shoulder, and mild strains of the neck, left shoulder, low back, right thigh and right calf. The trial court did not accept appellant's testimony to the contrary, but found her injuries to be minimal and awarded her $900 general damages and $1,209.72 special damages. The investigating officer testified that appellant did not complain of injury *558 at the scene. Appellant's treating physician indicated that her injuries were minimal and that her subjective complaints ended within eight weeks. We find no abuse of discretion by the trial court in the damages awarded. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
At appellant's cost, the judgment is AFFIRMED.