414 So.2d 870 (1982)
Leah GREENWALD
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 12910.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Floyd F. Greene, New Orleans, for defendant/appellant.
J. Michael Cumberland, Badeaux, Discon, Cumberland & Barbier, New Orleans, for plaintiff/appellee.
Before REDMANN, LOBRANO and AGUSTINE, JJ.
LOBRANO, Judge.
Plaintiff, Leah Greenwald, brought this suit against New Orleans Public Service (NOPSI) for damages received by her while a passenger on defendant's bus. After trial on the merits, the trial court rendered a judgment in favor of plaintiff from which NOPSI perfected this appeal.
The sole issue presented on appeal is whether the trial court committed manifest error in its application of the facts to the law on the question of NOPSI's liability. We hold that the trial court did not commit manifest error in that respect.
The accident occurred on April 12, 1976, at approximately 12:30 p. m. on a South Claiborne Line bus. Plaintiff, who was 73 years old at the time of the incident, boarded *871 the bus at the regular bus stop at Loyola Ave. then moved towards the rear of the bus to find a seat. The bus proceeded for approximately a block when, without warning, it came to a sudden stop. As a result of the stop plaintiff fell to the floor and sustained injuries.
The law applicable to the duty incumbent upon common carriers of passengers is clearly set forth in Carter v. NOPSI, 305 So.2d 481 (La.1975). The Carter case re-affirmed the well established jurisprudential rule that common carriers are charged with the duty of exercising the highest degree of care to their passengers and are liable for the slightest negligence causing injury to those passengers. The mere showing of an injury to a fare paying passenger on a public conveyance and his failure to reach his destination safely imposes upon the carrier the burden of exculpating itself of negligence. The common carrier is not however the insurer of the passenger's safety against the negligent acts of third parties and their palpable disregard of the law.
Defendant does not dispute that the plaintiff was a fare paying passenger on the bus when she sustained her injuries. Nor do they dispute that the bus stopped suddenly, throwing plaintiff to the floor, resulting in her injuries. Defendant's only argument is that the trial court erred in holding that NOPSI failed to discharge the burden of exculpating itself from negligence under the circumstances.
NOPSI's bus driver testified that he stopped suddenly to avoid hitting a car which had veered into his path. The deposition of Ellander Jackson, a witness, was introduced into evidence at the trial, and basically corroborates the driver's testimony. Plaintiff did not see what caused the bus to stop suddenly.
The reasons for judgment clearly indicate that the trial judge specifically rejected the testimony of NOPSI's driver after viewing his demeanor and credibility and also pointed out the inconsistencies in Ellander Jackson's deposition, the most noteworthy of which was her inability to describe the car which allegedly caused the bus to stop. Thus the trial court finding that the testimony and evidence presented by the defendant was unreliable and self serving, held that the heavy burden imposed by the law upon common carriers to exculpate themselves from negligence had not been met, and therefore rendered judgment for the plaintiff.
Our review of the record indicates that there was no manifest error in the trial court's appraisal of the credibility and demeanor of the witnesses, and its ultimate conclusion.
Additionally, the bus driver testified that he recognized the duty incumbent upon him to take extra precautions for elderly passengers, such as seeing they were either seated or holding onto the safety straps before moving the bus forward. The driver was aware that plaintiff was elderly yet failed to take the very steps for her safety which he stated were part of his training. This breach of duty is an additional factor which on review convinces us that defendant failed to exculpate itself from negligence.
In Arcenaux v. Domingue, 365 So.2d 1330 (La.1978) the Supreme Court stated, "... the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong." Id. at 1333. In the case at bar the finding of the trial court was not clearly wrong.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.