REDMANN, Chief Judge.
Plaintiff appeals from the dismissal on the merits of her suit for injuries from an emergency stop of a bus on which she was a passenger. Plaintiff argues that the defendant bus company did not exculpate itself. Considering the primacy of the trial court in credibility evaluations and factual inferences in general, Canter v. Koehring Co., 283 So.2d 716 (La.1973), we disagree and therefore affirm.
Evidently the trial court believed the bus driver’s testimony (largely corroborated by a person waiting for the bus) that, having just started up from a stop, with a rush-hour full load of passengers, he was going no more than 15 to 20 mph when, as he was at about the middle of a Greyhound bus stopped in the oncoming travel lane alongside another in the parking lane, a pedestrian emerged immediately into his path from behind the Greyhound. The bus driver testified that there were other persons on the sidewalk but there were no other persons in the street. That pedestrian’s emergence caused the bus driver to apply his brakes, stopping the bus just past the end of the Greyhound. That stop caused plaintiff, who was getting up to get off at the next stop, to fall back into her seat, injuring herself. (Apparently the trial court rejected plaintiff's testimony that the bus driver “was going faster than a bus driver usually does”; that he did not stop at the stop just before the accident site, despite plaintiff’s having signalled “enough times” for a stop because she wanted to get off there; and that the Greyhound was in the parking lane rather than the oncoming travel lane.)
Plaintiff argues that the driver could have avoided having to apply his brakes by reducing his speed when he saw the parked bus, and that his not doing so was negligence because he knew that people do walk out from behind or in front of buses.
The problem with plaintiff’s argument is that bus drivers also know that other drivers run stop signs, exceed speed limits, etc., and they could barely move the buses if they had a duty never to put the bus into a position in which it might have to brake while moving faster than a mile or two an hour. The public interest is to have safe public transportation, which entails not only safety but transportation as well. Unlike Edward Lear’s innocuous young man from Hong Kong, the bus driver cannot lie on his back with his head in a sack: to provide transportation, he must move the bus. Moving, therefore, cannot of itself be a breach of the bus company’s duty of care to the passengers it is obliged to move, although moving too fast for given circumstances is. What is “too fast,” however, is a matter over which, within limits, reason *695 able persons may differ. (As to a speed above or below those hard-to-specify limits, reasonable persons cannot differ and we say that, “as a matter of law,” such a speed is or is not a breach of duty under the circumstances.)
Although it may be a close question (as shown by Judge Barry’s dissent), we conclude that we cannot say that, as a matter of law, the bus driver’s speed in this case breached his duty of care to his passengers. The trier of fact could have concluded, from all the evidence including the very short distance within which the driver brought the fully-loaded bus to a stop (knocking down but not running over the pedestrian), that that speed was even less than, although on the order of, 15 mph. We conclude that reasonable persons might differ on whether or not that speed discharged the defendants’ duty of care to its passengers Under the circumstances.
When the question to be answered is one as to which reasonable persons might differ, the reasonable persons whose answer governs are the jury (or the trial judge, in a non-jury trial). On that kind of question, the appellate court’s responsibility is to decide whether the trier of fact acted reasonably in reaching its answer. That the appellate court (also acting reasonably) might have reached a different answer if it were the trier of fact is immaterial. The reasonable inferences to be drawn from- the evidence are for the trial court and not the appellate court to draw. The appellate court is not free to substitute its reasonable inferences for those of the trial court. “[Wjhere there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Canter v. Koehring Co., supra at 724. It is only when the court of appeal can, from its review of the record, declare the trial court clearly wrong that it may reverse. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We cannot say that the trial judge’s judgment was clearly wrong, as required by Arceneaux to reverse.
.Finally, we respond to plaintiff’s complaint in oral argument that her claim was misjudged because tried with those of two claimants who the evidence suggests were not even on the bus. Our reading of this record, including the trial judge’s written reasons for judgment, makes it inconceivable to us that the trial judge could have rejected plaintiff’s claim on a theory that she was not on the bus. In their attempts to prove that the other claimants were not on the bus, the defendants seem both to concede and to prove that our appellant was.
Affirmed.
BARRY, J., dissents with opinion.