KLEES, Judge.
In this case, plaintiff, Charles Hurst, appeals from a judgment dismissing his suit against New Orleans Public Service, Inc., (NOPSI). Mr. Hurst filed suit against NOPSI as tutor of his minor daughter, Dernice Hurst, for injuries she sustained while she was a fare paying passenger on a bus owned and operated by the defendant.
The issue presented on appeal is whether the trial judge committed manifest error in finding that the defendant met its burden of exculpating itself of negligence.
On January 31, 1983, the plaintiff, Dern-ice Hurst, was returning home from school on a NOPSI bus. She had boarded the Broad Street bus at Gentilly Blvd. and Chef Menteur Hwy. As the bus was crowded, Ms. Hurst was standing in the aisle, near the back door facing the left side of the bus. The bus was proceeding on Chef Menteur Hwy. toward Morrison Road when an unidentified automobile turned in front of the bus at Ray Street. When the vehicle turned in front of the bus, the bus driver attempted to turn to the right. At this point, the vehicle made contact with the front light on the left side of the bus. When the bus driver applied the brakes, the plaintiff fell to the floor. The plaintiff did not inform the bus driver that she had fallen at the time of the accident. The plaintiffs father, Charles Hurst, informed NOPSI the following day that his daughter had been injured in the accident.
Dernice Hurst was first treated for her injuries by Dr. Richard Hages, a chiropractor, on February 3, 1983. The examination taken by Dr. Hages revealed that the plaintiff suffered from a idiopathic scoliosis, which had been aggravated by an acute lumbar sprain. The examination also showed that the plaintiff had sustained pain and contusions to her left wrist and elbow. She underwent treatment by Dr. Hages for a period of seven months. Ms. Hurst was released from the care of Dr. Hages on August 26, 1983.
Judgment in favor of the defendant, NOPSI, was rendered on October 1, 1984. In dismissing the plaintiffs suit, the trial court stated that,
“Without any prior warning an unidentified driver, attempting a right turn in front of the bus in question from the driving lane to the left of the bus collided with the left front corner of the bus. The sudden stop of the bus caused plaintiff who was standing on the crowded bus to fall”.
The plaintiff alleges that the trial judge erred in finding that the defendant had exculpated itself from negligence. The plaintiff argues that the bus driver, Pamela Bagneris, was negligent in her failure to maintain a proper lookout and in exceeding the speed limit, and thus, was concurrently negligent with the unidentified vehicle for the plaintiffs injuries.
It is well settled that:
“the mere showing of an injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely imposes upon the carrier the burden of exculpating itself of negligence.” Galland v. New Orleans Public Service, Inc., 377 So.2d 84, 85 (La.1979).
The evidence at trial supports the conclusions that the plaintiff had been a fare-paying passenger on the bus in question, had incurred an injury, however slight, while aboard the vehicle, and had failed to reach her destination safely. Therefore, the trial court appropriately found that a prima facie case of negligence had been established by the plaintiff, and imposed upon the defendant, NOPSI, the burden of proving that it was not negligent.

Carrier’s Duty of Care

A carrier is required to use the highest degree of care, skill, and diligence *1363 in regards to its passenger. The slightest negligence by the carrier causing injury to a fare-paying passenger will result in liability. Galland v. NOPSI, 377 So.2d at 85. However, a common carrier is not the insurer of the passenger’s safety against the negligent acts of third parties and their palpable disregard of the law. Greenwald v. NOPSI, 414 So.2d 870, 871 (La.App. 4th Cir.1982).
The plaintiff maintains that the bus operator was negligent in failing to keep a proper lookout. She argues that had the bus operator maintained a proper lookout, the bus operator would have seen the vehicle in time to avoid the collision. Further, the plaintiff argues that the bus operator was exceeding the speed limit at the time of the accident, and had the bus operator been within the speed limit, the collision may have been avoided.
In this case, the record reveals that the bus operator had not exceeded the speed limit. In fact, her testimony, and the testimony of a passenger, Mr. Monroe B. Harris, indicate that the bus was being driven at a speed of approximately twenty miles per hour.
Further, the record supports the trial court’s finding that the bus operator, Ms. Bagneris, did maintain a proper lookout. The bus operator testified that she had seen the vehicle in her left side mirror, and at the time, the automobile started to turn in front of the bus. As the vehicle pulled into the path of the bus, Ms. Bagneris attempted to swerve to the right to avoid the vehicle. At that point, the automobile collided with the front left of the bus. Approximately five seconds elapsed from the time the bus operator first saw the vehicle and the moment the collision occurred. During this time, Ms. Bagneris attempted to evade the automobile and warned the unidentified driver by sounding the bus’s horn. However, Mr. Harris, who was sitting on the left side of the bus between the driver and the back door, testified that he had noticed the vehicle for approximately a block and a half prior to the accident when it was in the left lane. Mr. Harris also noted that the vehicle was being driven erratically.
The conflict that seems to exist in the testimony of Ms. Bagneris and Mr. Harris as to the appearance of the unidentified vehicle is not sufficient for a reversal of the trial court’s findings. The Louisiana Supreme Court has stated that:
“When there is evidence before the trier fact, which, upon its reasonable evaluation of credibility, furnishes a reasonable basis for the trial court’s finding, on review the appellate court should not disturb the factual finding in absence of manifest error.”
Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1979); Canter v. Koehring, 283 So.2d 716, 724 (La.1973).
In the present case, the record reveals that the court’s findings were based upon the trial judge’s evaluation of the witnesses’ credibility. Since an appellate court is not capable of evaluating the credibility of witnesses, the trial court’s findings should be maintained so long as there is a reasonable factual basis for the decision. The record clearly indicates that there is sufficient evidence to justify the trial court’s decision.
In similar cases, the court has recognized that when a vehicle makes an illegal right hand turn in front of a moving bus, the driver of the vehicle creates a sudden emergency. Carter v. New Orleans Public Service, Inc., 293 So.2d 527, 528 (La.App. 4th Cir.1974), affirmed 305 So.2d 481 (La.1975). Alphonse v. New Orleans Public Service, Inc., 138 So.2d 610 (La.App. 4th Cir.1962). The bus operator is “not negligent in failing to anticipate that another car operator, who is lawfully and prudently driving, will suddenly disregard traffic laws and become reckless.” Alphonse, 138 So.2d at 613.
Further, the record reveals that the bus operator was not guilty of any negligent acts or omissions. Thus, the trial court correctly found that the defendant had met its burden of exculpating itself of negligence.
As the defendant’s driver was confronted by a sudden emergency, through no fault *1364 of her own, had not violated any rules of traffic at the time, and was not guilty of any negligent acts or omissions, we conclude as did the trial court that plaintiffs injuries were due solely to the negligence of the unidentified motorist who suddenly and illegally made a right turn into the path of the moving bus.
Accordingly, the judgment of the District Court is affirmed.
AFFIRMED.