JJDIACCIO, Judge.
This case was previously before this Court on an appeal of the Regional Transit Authority (“RTA”) from a judgment notwithstanding the verdict (JNOV) rendered in plaintiffs favor following a bifurcated trial. We set aside the JNOV, and reinstated the jury verdict. Plaintiff applied for writs from this decision to the Louisiana Supreme Court. The Supreme Court held that the jury trial was improperly called and the verdict of the jury must be disregarded. The case was therefore remanded to this court with instructions to review the trial court’s judgment rendered against the RTA in the bench trial. For the reasons stated herein, the judgment of the trial court is reversed and plaintiffs suit against the RTA is dismissed.

PROCEDURAL HISTORY

The underlying lawsuit arises from a collision between a Regional Transit Authority (RTA) bus and a New Orleans Police Department (NOPD) vehicle which occurred on February 20, 1990. Marjorie Powell, an NOPD officer and plaintiff herein, filed suit for damages against the RTA and Louise Singleton, the driver of the bus, requesting a trial by jury. The City of New Orleans, plaintiffs employer, filed an intervention seeking reimbursement for medical expenses and worker’s compensation benefits paid to plaintiff. The RTA answered plaintiffs suit and objected to the jury trial based on the provisions of LSA-R.S. 13:5105(A) which states that “[n]o suit against a political subdi-visionjjjshall be tried by jury.” Trial of this matter was bifurcated with a jury resolving the liability of the RTA employee, and the trial judge trying the plaintiffs case against the RTA.
Following trial, the jury returned a verdict finding Louise Singleton fi*ee from fault and the trial court rendered judgment accordingly. However, in resolving the case against the RTA, the court found Singleton to be 5% at fault in causing the accident for which the RTA was vicariously liable, and therefore rendered judgment in favor of Marjorie Powell and against the RTA in the sum of $223,-214.75.
*1372 Based on the inconsistencies of these judgments, the RTA filed a Motion to Reconsider Verdict. Plaintiff filed a Motion for Judgment Notwithstanding the Verdict and/or New Trial. The trial court granted plaintiffs motion for JNOV and rendered judgment in favor of plaintiff and against defendants, the RTA and Louise Singleton, jointly, severally and in solido, in the sum of $223,524.75. The court also rendered judgment in favor of the City of New Orleans and against plaintiff for the full amount of the City’s intervention.
The RTA brought an appeal from this judgment in this Court. By an unpublished opinion dated January 31, 1996, this Court determined that the trial court had erroneously granted plaintiffs motion for JNOV and the trial court’s judgment to that effect was set aside. The jury verdict rendered in favor of the defendant bus driver was reinstated, and judgment was rendered in favor of the RTA and against plaintiff. Powell v. Regional Transit Authority, et al., 95-1426 (La.App. 4th Cir. 1/31/96), 666 So.2d 737, unit granted, 96-0715 (La.6/21/96), 675 So.2d 1092.
The Supreme Court granted certiorari “to determine whether the bifurcated trial was appropriate when the lone tortfeasor was an employee of a | ggovernmental body that was not subject to a jury trial and the governmental body was vicariously liable for the fault of the employee.” Powell v. Regional Transit Authority, et al., 96-0715 (La.6/18/97), 695 So.2d 1326. The Supreme Court found that a bifurcated trial in this instance was not warranted, and in fact, pursuant to the 1988 amendments to LSA-R.S. 13:5101, an employee of a political subdivision of the state is exempt from trial by jury. Thus, the Supreme Court determined, any action against both a political subdivision and its employee tried after 1988 must be tried by the judge alone without a jury. The Supreme Court concluded therefore that the jury trial of Singleton’s liability was incorrect and that the verdict of the jury must be disregarded. In finding that the trial court’s judgment against the RTA in the bench trial had not been reviewed by this Court, the Supreme Court remanded the case to this Court “to review the decision on liability under the manifest error standard and the decision on quantum under the much discretion standard.”

ISSUE

Based on the remand, the first issue presented for our review is whether the trial court erred in finding that the Louise Singleton was negligent in causing this accident. In the event we find no manifest error, we must also review the amount of damages awarded to plaintiff by the trial court.

FACTS

The facts, as stated in our original opinion, Powell v. Regional Transit Authority and Louise Singleton, supra, are as follows:
On February 20, 1990 plaintiff, NOPD Officer Marjorie Powell, was on active patrol duty riding as a passenger in a police cruiser on Canal Street. At the time of this incident, Officer Powell and the driver of the police vehicle, Officer Julie Jones, were in the process of issuing a citation to the driver of a vehicle whom the officers had observed disregarding a traffic psignal. Upon observing this infraction, the officers activated the vehicle’s flashing lights and siren, and indicated to the driver, Hannah Dabon, to stop her vehicle. Ms. Dabon then turned onto Crozat Street and stopped her vehicle on the right side of the street, and Officer Jones stopped the police vehicle directly behind the Da-bon car. With the police signals still flashing, Officer Jones exited the vehicle and issued the citation, while Officer Powell remained in the passenger seat of the police vehicle completing paperwork. After the citation had been issued, Officer Jones returned to her vehicle. At approximately the same time, an RTA bus being operated by Louise Singleton turned onto Crozat Street from Canal Street and attempted to pass the police vehicle which was parked on the right of the bus. However, the rear door of the bus came in contact with the driver’s door of the police vehicle which was slightly open at the time. It is disputed whether Officer Jones was in the process of opening the door or closing it when the collision occurred. The impact of this collision caused the police vehicle to move forward and collide with the Dabon vehicle *1373 which had not yet left the scene. Plaintiff alleges she was injured in this impact.
At the trial, Louise Singleton testified that she had been employed as a bus driver by RTA for several weeks at the time of this accident. She stated she had driven buses for other employers prior to her employment with the RTA. Ms. Singleton testified that she made the turn from Canal onto Crozat Street approximately every 40 minutes during her nine hour shift.
Ms. Singleton stated that while operating her bus on Canal Street on the date of the accident, she observed the police vehicle in this ease activate its flashing lights and pull behind another vehicle on Crozat Street. Ms. Singleton stated that as she made the turn onto Crozat Street, there was enough room for the bus to pass the police vehicle. She stated that as the front end of the bus passed the police vehicle, the left door of the police vehicle opened and came in contact with the rear door of the bus. Ms. Singleton stated the door was not |sopen when she made the turn and that the entire bus could have passed if the door of the police car had not been opened.
This testimony was corroborated by Lorraine Alexander, a passenger who was seated on the bus directly behind the rear door. Ms. Alexander stated she observed the police car pull over another vehicle on Crozat Street which had driven through a yellow light at the intersection of Basin and Canal. She stated that as the bus attempted to turn from Canal onto Crozat, the door of the police car “flew open” and came in contact with the rear door of the bus. Ms. Alexander testified that the door of the police car was not open when the bus driver turned, and if the door had not opened, the bus could have safely passed the vehicle.
Hannah Dabon, the driver of the vehicle which was stopped by the police officers, stated that after receiving a citation from Officer Julie Jones, she got back into her vehicle and called for assistance on her radio. She stated that she saw in her rearview mirror the bus turn onto Crozat Street, and she saw Officer Jones open the door of the police ear while the bus was passing the police car. She also stated she saw the bus strike the door of the police vehicle.
Yalender Martin, a transit supervisor for the RTA, testified that at the time of the accident she was on Basin Street when she received a call for assistance. She stated she arrived at the accident scene a few minutes after the accident occurred, and stated that because the front end of the bus had safely passed the police vehicle, the door of the police vehicle must have been closed when the bus attempted to pass.
Officer Julie Jones testified that after issuing the citation to Ms. Dabon, she returned to her vehicle and sat in the driver’s seat. She stated that she was in the process of closing her door when the bus made its turn and struck the 1 (¡police vehicle. Plaintiff, Marjorie Powell, testified that she was seated in the passenger seat of the police vehicle completing paperwork when Officer Jones returned to the car. She stated Officer Jones was closing the door of the vehicle when the bus struck the door and pulled the police vehicle forward, causing her injury.

LEGAL ANALYSIS

In determining that Louise Singleton was negligent in this accident, the trial court stated that the bus driver saw or should have seen the flashing lights of the police car prior to making its turn. The trial court based this finding on the testimony of Lorraine Alexander, a passenger on the bus, who stated that she saw the police vehicle with its lights flashing prior to the accident. The trial court found that regardless of whether Officer Jones opened her door into the police car, or whether it was open already, the bus driver nevertheless had “an elevated, hidden duty ... to be very, very careful” when passing an emergency vehicle. The court found that where lights on a police vehicle are flashing, “the driver of a public conveyance would have a higher duty to anticipate that somebody is going to be getting out of that ear for whatever purpose ...” The court concluded that the bus driver in this case should have seen Officer Jones behind the wheel of the police vehicle and anticipate that she may exit the vehicle. Her failure to do so, the court concluded, constituted negligence.
*1374 The critical question presented in this case is whether the bus driver had a duty to anticipate that the police officer would suddenly exit her vehicle. The answer to this question does not require a credibility determination. This is a question of law. Even accepting as true, as did the trial judge, the testimony at trial of a passenger on the bus who saw the police car with the flashing lights 17prior to the impact, this fact does not give rise to a duty on the part of the bus driver to anticipate that someone would suddenly open the door of the police car. Such a finding would require the bus driver to stop or park the bus until the police vehicle was moved or until it became clear that the police business was completed. No traffic law was cited that would require an operator of a public conveyance to anticipate the actions of the police officer in this case.
In fact, Louisiana law provides that no person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so. LSA-R.S. 32:283. Further, the law provides that the driver of an emergency vehicle has a duty to refrain from reckless disregard of the safety of others. LSA-R.S. 32:24. This court has previously held that a bus driver had no duty to anticipate the actions of a third-person pedestrian who walked out from behind a parked vehicle and was struck by the bus. Collins v. New Orleans Public Service, Inc., 466 So.2d 693 (La.App. 4th Cir.), writ denied, 468 So.2d 573 (La.1985). Similarly, a driver of a public conveyance should not be compelled to anticipate that a motorist, whether or not an operator of an emergency vehicle, will disregard traffic laws and suddenly open the vehicle door into moving traffic. See, Hurst v. New Orleans Public Service, Inc., 478 So.2d 1361, 1363 (La. App. 4th Cir.1985), wherein a panel of this court held that a bus driver was not negligent in failing to anticipate that an erratically driven vehicle would make an illegal right turn in front of a moving bus.
We previously held in our original opinion that the trial court was clearly wrong in finding that an operator of a public conveyance has an elevated duty to anticipate that an occupant of a police vehicle will suddenly exit the vehicle. Although we acknowledge that public carriers are generally charged with the Ighighest degree of care in transporting their passengers as held in Anderson v. New Orleans Public Service, Inc., 433 So.2d 872 (La.App. 4th Cir.), writ denied, 439 So.2d 1077 (La.1983), this duty extends only to passengers on the bus. As stated above, we find no provision in the law which imposes an elevated duty on a bus driver in operating the bus to anticipate the actions of occupants of law enforcement vehicles. We therefore reiterate our previous holding that the trial court was clearly wrong in imposing an elevated duty on Louise Singleton to anticipate that the door to this vehicle would open suddenly.
Having determined that the trial court erred in placing a higher duty on the defendant bus driver in this case, we must next determine whether the trial court was manifestly erroneous in finding fault on the part of Louise Singleton. We have carefully reviewed the record in this ease and we find that the evidence fails to support judgment against defendants. Louise Singleton, Hannah Dabon and an independent witness to the accident, Lorraine Alexander, testified that the bus could have safely passed the police vehicle if the door of the police car had not been opened while the bus was passing. Each of these witnesses testified that the door of the police vehicle was opened after the front of the bus had passed the police car. In fact, the trial court found that the most credible witness at the trial was Lorraine Alexander who testified that the accident would not have occurred if the door of the police vehicle had not “flew open.”
The record further shows that the point of collision occurred at the rear door of the bus, and not on the front end as one would expect if the door had been open when Ms. Singleton attempted her turn. In addition, the record shows that Ms. Singleton could not have avoided striking the door of the police vehicle, which she could not have seen once she passed that vehicle.
19Based on the evidence presented in this case, we conclude that the trial court’s finding of negligence on the part of Louise Sin *1375 gleton was manifestly erroneous. There is no duty under Louisiana law to anticipate that a driver of a police vehicle will suddenly open the door of the vehicle into oncoming traffic. The record in this case indicates that Louise Singleton operated the bus as a prudent driver, and could not have avoided the collision with the police vehicle. We find no evidence in the record which reasonably supports the trial court’s finding of negligence on the part of the bus driver. Rather, the evidence in the record overwhelmingly shows that the accident in this case was solely caused by the driver of the police vehicle, Officer Julie Jones, in opening the door to the vehicle into the moving bus.

CONCLUSION

Under the facts presented in this case, we conclude that the trial court was clearly wrong in finding liability on the part of Louise Singleton and vicariously on the RTA. Because we find no liability, we do not reach the issue of damages. We therefore reverse the judgment of the trial court and dismiss plaintiffs suit against Louise Singleton and the RTA. Each party is to bear its own costs of this appeal.

REVERSED.